## SPRAGGINS vs. WHITE.

APPEAL from the court of probates of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. This action was originally commenced in the district court, and the defendant having died before it could be tried and decided there, it was transferred to the court of probates.

The plaintiff states that in the year 1821, he entered into a special, or particular partnership with the defendant, the object of which was, the purchase of slaves in the Atlantic states on joint account and risk, to be transported to this state for sale. That 82 slaves had been purchased of which 73 have been sold by the defendant, and the proceeds received by him, and that two others are yet in his possession.

That the remaining seven slaves have been sold or disposed of by the petitioner, for the proceeds of which he has been always willing and ready to account.

That the amount of sales made by the defendant is $41,237, that the balance due the petitioner is $4000, and that the defendant though often requested, has refused to pay this

SPRAGGINS
*vs.*
WHITE.

sum, or to render a true account of his gestion of the partnership affairs.

The defendant pleaded the general issue, and averred the plaintiff owed him $3000, for which he prayed judgment.

The representatives of the estate of White were made parties in the probate court, and that tribunal after hearing the evidence gave jndgment for the defendant, and decreed that the slaves remaining unsold, should be disposed of, and the proceeds divided between the parties. The defendant appealed.

When the argument was closed, we believed the case was before us in such a shape, as would enable us to decide it on the merits. Further reflection however on a question presented by a bill of exceptions taken on the trial, has brought us to the conclusion that the cause must be remanded.

The plaintiff offered to prove by a witness that he, the witness, had paid to defendant, on plaintiff's order the sum of $250. This testimony was objected to, on the ground, " that the plaintiff could not give parol evidence *of the payment of said order*, as the order itself would be the best evidence, and must be produced."

This objection recognises the existence of the order, and as a consequence of its existence, denies the right of proving its payment in any other way but by the production of the writing itself. Now whether the order would be the best evidence of the payment or not, depends on a fact of which the bill of exceptions gives no information; namely, whether the defendant gave a written receipt on it; for if he did not, it is neither the best evidence, nor any evidence at all against him, that it was paid.

On this ground the witness should have been permitted to testify. The rule in relation to the proof of payments by parol testimony, tho' written receipts should have been given, is carried further in the works which treat of evidence, than it is necessary for us to go, to decide this case. Phillips states, that the defendant may prove by parol, the plaintiff's demand is satisfied, though it should appear, the plaintiff signed a receipt. *Phillips on Ev.* 170. 1 *Espinasse*, 13, 213. 1 *East.* 460.

This rule is perhaps founded on the principle, that as written instruments may be shown to be discharged by parol evidence proving payment: there is no danger of permitting the same kind of proof even when a receipt is given.

This argument is still open to the objection that it is not the highest evidence of which the case is susceptible. But in this instance there is no proof, there is higher evidence of the defendant's having received the money, the payment of which, the parol evidence was offered to establish.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed; and, it is further ordered, adjudged and decreed, that this case be remanded with direction to the judge *a quo* not to reject parol testimony of the payment of an order of the plaintiff in favor of defendant on the ground that the order would be better evidence of such payment. And it is further ordered, adjudged and decreed, that the appellee pay the costs of this appeal.

*Hoffman* for the plaintiff, *Strawbridge* for the defendant.